UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN J. BALCOM,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

CASE NO. 14-cv-05670 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 13, 14, 15).

After considering and reviewing the record, the Court concludes that although the ALJ gave great weight to the opinion from an examining doctor, he failed to explain why

the examining doctor's opinion that plaintiff was limited to simple and repetitive tasks was not accommodated into plaintiff's residual functional capacity.

Because this error is not harmless, this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, JOHN J. BALCOM, was born in 1965 and was 43 years old on the alleged date of disability onset of May 1, 2009 (*see* AR. 275-82, 282-88). Plaintiff has completed one year of college (AR. 52). He has work experience as a catering chef, chef, and laborer (AR. 389-96). Plaintiff last worked "throwing freight" in a grocery store, but when he received a note from his doctor that he could lift no more than ten pounds, he was terminated (AR. 44).

According to the ALJ, plaintiff has at least the severe impairments of "Cervical Spine degenerative disc disease status post C6-7 fusion (20 CFR 404.1520(c) and 416.920(c))" (AR. 17).

At the time of the hearing, plaintiff was living in his trailer on his parents' property (AR. 42).

## PROCEDURAL HISTORY

On August 1, 2011, plaintiff filed applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (AR. 275-81, 282-88). The applications were denied initially and following reconsideration (*see*

AR. 108-20, 121-33, 145-59, 160-74). Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on February 5, 2013 (*see* AR. 36-75). On February 22, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 12-35).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; and (4) Whether or not the ALJ erred by basing his step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations (*see* Dkt. 13, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether or not the ALJ properly evaluated the medical evidence**.

Plaintiff argues that the ALJ erred "by stating that he is giving great weight to Dr. Parker's opinion, while then failing to include in his residual functional capacity [RFC] assessment Dr. Parker's opinion that [plaintiff] was limited to simple and repetitive

tasks" (Dkt. 13, p. 11 (*citing* AR. 25-26, 480)). For the reasons discussed herein, the Court agrees with plaintiff's argument regarding the opinion of Dr. James Parker, M. D., who examined plaintiff on September 1, 2010 (*see* AR. 477-80).

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Here, the ALJ rejected without comment or explanation the opinion from Dr. Parker that plaintiff was limited to simple and repetitive tasks and therefore the ALJ did not provide any specific and legitimate rationale for rejecting this opinion. *See id.* (*see also* AR. 25-26, 480). Although Dr. Parker opined that plaintiff was limited to the performance of simple and repetitive tasks (*see* AR. 480), the ALJ's RFC did not include this limitation (*see* AR. 21). Not only did the ALJ fail to provide any reason for rejecting this opinion from Dr. Parker, but also, the ALJ did not give any reason for failing to reject any opinion from Dr. Parker (*see* AR. 25-26). In contrast, the ALJ indicated that he gave "great weight" to Dr. Parker's opinions because Dr. Parker examined plaintiff and because of the ALJ's conclusion that Dr. Parker's "opinion is consistent with the findings of his examination . . . ." (*see id.* (*citing* AR. 278-79)).

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ erred by failing to provide specific and legitimate reason for not including the

opinion from Dr. Parker that plaintiff only could perform simple and repetitive tasks into plaintiff's RFC.

In addition, according to Social Security Ruling ("SSR") 96-8p, a residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20. Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356)) (footnote omitted). Therefore, the ALJ's failure to explain why his RFC did not accommodate the opinion from Dr. Parker also violates this Social Security ruling. *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20.

Furthermore, the Ninth Circuit has concluded that it is not harmless error for the ALJ to fail to discuss a medical opinion. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the ALJ's disregard for Dr. Johnson's medical opinion was not harmless error and Dr. Johnson's opinion should have been considered") (*citing* 20 C.F.R. § 404.1527(c) (noting that this Ruling requires the evaluation of "every medical opinion" received)).

According to the Ninth Circuit, when the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See id.* at 1161. Furthermore, when the RFC is incomplete, the hypothetical question presented to the vocational expert relied on at step five necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *See id.* at 1162.

The Court also concludes that the ALJ's failure to resolve the conflict between Dr. Parker's opinion and the ALJ's RFC is not harmless error. *See id.*

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

If the ALJ had accommodated Dr. Parker's opinion regarding plaintiff's limitation to simple and repetitive tasks into plaintiff's RFC, it would have altered the hypothetical presented to the vocational expert ("VE"), and altered the VE's testimony regarding plaintiff's ability to perform other jobs existing in the national economy. The ALJ relied on the VE's testimony when making his ultimate determination that plaintiff is not disabled (*see* AR. 28). Therefore, the ALJ's error in failing to include Dr. Parker's opinion that plaintiff is limited to simple and repetitive tasks into plaintiff's RFC or to explain why it was not accommodated into plaintiff's RFC is not harmless error. Although defendant provides a potential explanation to resolve the conflict, according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp*, *supra*, 332 U.S. at 196). Therefore, defendant's *post hoc* rationalization does not excuse the ALJ's error.

(2) **Whether or not the ALJ properly evaluated plaintiff's testimony**.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence, which must be evaluated anew. *See* 20 C.F.R.

§ 404.1529(c). Therefore, for this reason, plaintiff's credibility should be assessed anew following remand of this matter. Similarly, the RFC, as a necessity, must be determined anew following remand of this matter, and the remainder of the sequential disability evaluation process must be completed anew following remand.

CONCLUSION

The ALJ erred when he gave great weight to the opinion by an examining doctor, but failed to explain why one of the doctor's opinions was not accommodated into plaintiff's RFC.

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 23rd day of March, 2015.

J. Richard Creatura
United States Magistrate Judge